UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| PHILLIP JAMES KING,<br><br>     Petitioner,<br> v.<br><br>PERRY RUSSELL, *et al.*,<br><br>     Respondents. | Case No. 3:21-cv-00371-MMD-CLB<br><br>ORDER |

**I. SUMMARY**

This is a habeas corpus action under 28 U.S.C. § 2254. The Court has reviewed Philip King's petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. As further explained below, the Court finds that the petition is without merit, thus denies the petition. King has also filed a motion for appointment of counsel. The Court denies the motion because the Court is denying the petition for lack of merit.

**II. BACKGROUND**

The pages of the petition that contain the allegations are photocopies of the memorandum in support of King's post-conviction habeas corpus petition that he filed in the state district court. However, two problems exist. First, because of the low quality of the photocopies some of King's allegations are smudged and unreadable. Second, King refers to exhibits that were omitted from the petition as filed in this Court. The Court thus takes judicial notice of the publicly available record on appeal in the Nevada Supreme

Court, *King v. Warden*, Case No. 80104.[1] It contains a better-quality copy of the supporting memorandum, and it contains the exhibits.

On May 3, 2017, Reno police went to a self-storage facility, based upon an anonymous tip that King was storing narcotics and weapons in a unit. A dog alerted the detectives to the presence of narcotics in unit A18. One detective started applying for a telephonic search warrant. King then drove up to unit A18. The police detained him. The judge then granted the telephonic search warrant. The police entered unit A18 with a key that they found on King's key ring. Inside, they found cocaine and methamphetamine. They also found identification cards, pieces of mail, and work shirts all with King's name.

Pursuant to a plea agreement, King pleaded guilty to one count of trafficking in a controlled substance. The state district court sentenced him to life imprisonment with eligibility for parole beginning after 10 years. King appealed, but later withdrew his appeal. *SeeKing v. State*, Case No. 75926.[2]

Three attorneys successively represented King in the trial-court proceedings: Erica Flavin, then Jeb Bond, then Lynn Branzell. Carolyn Tanner represented King on direct appeal.

King filed his first state post-conviction habeas corpus petition on April 9, 2019. The state district court denied the petition. King appealed, and the Nevada Court of Appeals affirmed. *See King v. Warden*, Case No. 80104.[3]

King filed his second state post-conviction habeas corpus petition on February 1, 2021. The state district court denied the petition. King appealed, and the Nevada Court of

---

[1]http://caseinfo.nvsupremecourt.us/document/view.do?csNameID=57275&csIID=57275&deLinkID=749488&onBaseDocumentNumber=19-51011 (accessed October 7, 2011).

[2]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=46164 (accessed October 7, 2011).

[3]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=57275 (accessed October 7, 2011).

Appeals affirmed. It held that King's second petition was untimely under NRS § 34.726 and abusive of the writ under NRS § 34.810. *See King v. Warden*, Case No. 82528.[4]

## III.   LEGAL STANDARD

All of King's claims are claims of ineffective assistance of trial counsel or ineffective assistance of appellate counsel. A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. A claim of ineffective assistance of appellate counsel is evaluated the same way that a claim of ineffective assistance of trial counsel is evaluated. *See Miller v. Keeney*, 882 F.2d 1428, 1433-34 (9th Cir. 1989).

## IV.   DISCUSSION

### A.   GROUND 1

In ground 1,[5] King alleges that Bond provided ineffective assistance because he did not investigate the circumstances of the search or file a motion to suppress the evidence found in the storage unit; King argues that the search occurred before the judge granted the telephonic search warrant. King is incorrect. As noted above, a detective started applying for the search warrant, King arrived at the storage unit and was detained, the judge granted the search warrant, and the police searched the storage unit. King thus has not demonstrated that Bond performed deficiently by not investigating the

---

[4]http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=60991   (accessed October 7, 2011).

[5]Ground 1 is at pages 4-6 and 9 of the petition. Pages 7-8 are two pages of the Court's habeas corpus petition form.

3

circumstances of the search or by not filing a motion to suppress, nor has he demonstrated any prejudice. Ground 1 is without merit.

### B.     GROUND 2

In ground 2, King alleges that appellate counsel Tanner made no effort to find any plausible mitigating evidence or to find an issue on appeal. Instead, Tanner suggested that King might have a better chance of success with a post-conviction petition, and she persuaded King to withdraw his direct appeal. However, King has not alleged what the mitigating evidence was, nor has he alleged what issue Tanner could have raised on direct appeal. The only issues that King raises now are claims of ineffective assistance of counsel, and in Nevada generally a person must raise those claims in a post-conviction petition, not on direct appeal. *See Gibbons v. State*, 634 P.2d 1214 (Nev. 1981). King thus has not demonstrated that Tanner performed deficiently, nor has he demonstrated any prejudice. Ground 2 is without merit.

### C.     GROUND 3

In ground 3, King alleges that each of his trial attorneys provided ineffective assistance. First, he alleges that Flavin did not question the chain of custody—transportation, custodial protocols, or warehousing—of the evidence found in King's storage unit. King also alleges that Flavin failed to investigate "how the prosecution developed their alleged secret witness." King does not allege any facts indicating the existence of a problem either with the chain of custody or with the anonymous witness. He thus has failed to allege how Flavin performed deficiently.

Second, King alleges that Bond failed obtain an independent test of the drugs for weight and potency. However, King has not alleged facts indicating that the weight and potency of the drugs were anything other than what the police stated. King thus has failed to allege how Bond performed deficiently.

Third, King alleges that Branzell failed to review the legality of the telephonic search warrant. King has not alleges any facts indicating that something was wrong with the telephonic search warrant and, as noted above, the search of the storage unit occurred

after the judge issued the warrant. King thus has failed to allege how Branzell performed deficiently.

To the extent that King is raising a cumulative-error claim in ground 3, there were no errors for the reasons given above, and thus nothing to cumulate to the level of a constitutional violation. *See United States v. Lovett*, 668 Fed. App'x 230 (9th Cir. Aug. 8, 2016). Ground 3 is without merit.

### D.	CERTIFICATE OF APPEALABILITY

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Reasonable jurists would not find the Court's conclusions to be debatable or wrong, and the Court will not issue a certificate of appealability.

## V.	CONCLUSION

It is therefore ordered that the Clerk of Court file the petition for a writ of habeas corpus and the motion for appointment of counsel, currently docketed at ECF No. 1-1 and 1-3, respectively.

It is further ordered that the motion for appointment of counsel is denied.

It is further ordered that the petition for a writ of habeas corpus is denied.

It is further ordered that that the Clerk of Court add Aaron Ford, Attorney General for the State of Nevada, as counsel for Respondents.

It is further ordered that the Clerk of Court provide copies of this order and all prior filings to the Attorney General in a manner consistent with the Clerk of Court's current practice, such as regeneration of notices of electronic filing. No response by the Attorney General is necessary.

DATED THIS 12th Day of October 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE